Todd J. Dressel (SBN 220812)
CHAPMAN AND CUTLER LLP
595 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 278-9088
Facsimile: (415) 541-0506
dressel@chapman.com

James Heiser (*Admitted Pro Hac Vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1900
heiser@chapman.com

Robert Schneider (*Admitted Pro Hac Vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
rschneider@taftlaw.com

*Attorneys for Integrated Global Concepts, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| j2 GLOBAL, INC., <br><br> Plaintiff, <br> v. <br><br> INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Defendant. | Case No. 4:13-cv-02971-RMW <br><br> NOTICE OF MOTION AND MOTION TO STAY PENDING *INTER PARTES* REVIEW <br><br> Date: September 5, 2014 <br> Time: 9:00 a.m. <br> Location: Courtroom 6 <br> Judge: Hon. Ronald M. Whyte |

NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 5, 2014, at 9:00 a.m., in Courtroom 6, 4th Floor, before The Honorable Ronald M. Whyte, Defendant Integrated Global Concepts, Inc. ("*IGC*"), will, and hereby does, move to stay the above-captioned action pending a determination by the Patent Trial and Appeal Board (*"PTAB"*) of the United States Patent & Trademark Office (*"PTO"*) on IGC's Petition for *Inter Partes* Review (*"IPR"*) of U.S. Patent No. 6,020,980 ("'*980 Patent*"). The Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the proposed order submitted herewith, all papers and pleadings on file in this proceeding, such other evidence and argument as may be presented at or before any hearing on the Motion, and all matters of which the Court may take judicial notice.

STATEMENT OF REQUESTED RELIEF

IGC moves the Court for an order staying this case pending final, non-appealable resolution of IPR review of the '980 Patent.

MEMORANDUM OF POINTS AND AUTHORITIES

I. SUMMARY

IGC has filed two IPR petitions of all claims in the '980 Patent, Case Numbers IPR2014-01027 and IPR2014-01028, filed June 23, 2014. These proceedings will simplify or completely resolve the issues in this case. This action is still in its earliest stages. By statutory mandate, the PTO must grant or deny the petition within six months, and the IPR proceeding must be completed within one and a half years. IGC has filed a petition demonstrating that every asserted claim of the '980 Patent is invalid. The petition cites relevant prior art inaccurately or not previously cited in either the initial patent prosecutions or the subsequent *ex parte* reexamination. In addition to the prior art, the petition is accompanied by the detailed and comprehensive declaration of Michael Shamos, Ph.D., J.D., a professor at Carnegie Mellon University, detailing, *inter alia*, how j2's claim construction of "subscriber" and the Subscriber

Selected Format limitations it offered were based on flawed logic, read limitations from the specification into the claims, and included what appear to be purposefully misleading statements. IGC had no ability to respond to j2's statements to the PTO, but its petition addresses and corrects these inaccuracies.

A stay in this case is appropriate under the three factors courts consider when staying litigation pending PTO invalidity proceedings: (1) stage of the litigation; (2) simplification of issues for trial; and (3) undue prejudice or clear tactical disadvantage. First, the case was stayed until a short time ago–discovery has not commenced, no trial date has been set, and claim construction briefing has not yet begun. The Court has not set any fact discovery cut-off date, expert discovery schedule, or trial date, or scheduled a *Markman* hearing. Nor have any infringement or invalidity contentions been served. A stay would prevent any unnecessary expenditure of resources, and this factor weighs heavily in favor of a stay.

Second, a stay will simplify the issues for trial. If IGC prevails and all of the claims are held invalid, this case will end. Even if the claims are upheld, a final written decision in an IPR proceeding will significantly narrow the issues for trial by estopping IGC from asserting that a "claim is invalid on any ground that the petitioner raised or reasonably could have raised during inter partes review." 35 U.S.C. § 315(e).

Third, a stay will not prejudice j2. j2 has not sought a preliminary injunction in this case, which weighs against a finding of undue prejudice. IPR must also be completed quickly under the governing statute, and if the Court allowed the case to proceed and the PTAB determines that the claims are invalid, the efforts of the Court and the parties will have been wasted. Further, j2 acquired the '980 Patent fairly recently, and it had been dormant for well over a decade before j2's purchase. IGC therefore moves for an order staying the case until the conclusion of the IPR proceedings.

## BACKGROUND

J2 filed the instant patent infringement complaint on June 27, 2013. [Dkt. 1]. On October 18, 2013, this Court granted IGC's motion to stay the patent infringement proceedings and consolidated it with IGC's breach of contract claims in the 3434 Case. [Dkt. 34]. On May 5, 2014, this Court granted j2 summary judgment on IGC's consolidated breach of contract claims in Case No. 3434. [Dkt. 150]. On May 22, 2014, j2 moved to transfer this case to the United States District Court for the Central District of California. [Dkt. 54]. No other meaningful proceedings have taken place in the case.

## ARGUMENT

Courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 13-4513, 2014 WL 819277, at *2 (N.D. Cal. Feb. 28, 2014) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). A stay may be "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *Evolutionary Intelligence*, 2014 WL 819277, at *2 (internal quotation marks omitted). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Autoalert, Inc. v. Dominion Dealer Solutions, LLC,* 12-1661, 2013 WL 8014977, at *4 (C.D. Cal. May 22, 2013).

The purpose of the IPR proceeding was to "convert inter partes reexamination from an examinational to an adjudicative proceeding," where an IPR petitioner may challenge patent validity on the basis of prior art consisting of patents or printed publications. *Software Rights Archive, LLC v. Facebook, Inc.*, 12-3970, 2013 WL 5225522, at *1 (N.D. Cal. Sept. 17, 2013). As to the duration of IPR proceedings, the America Invents Act "requires a final determination by the PTO in an IPR proceeding within one year, which may be extended up to six months

based upon a showing of good cause." *Id*. at *2. By comparison, the old reexamination proceedings averaged at times over thirty-seven months. *Id*. Following final determination of IPR proceedings, a petitioner is estopped from asserting in a later district court that a claim is invalid on any ground that the petitioner raised or reasonably could have raised during the IPR proceedings. *Id*.; *see also* 35 U.S.C. § 315(e)(2).

In determining whether to grant a stay of infringement litigation pending IPR proceedings, courts traditionally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence,* 2014 WL 819277, at *3; *see also Software Rights Archive,* 2013 WL 5225522, at *2. Where these factors, or even a majority of these factors are met, federal courts have not hesitated to stay infringement litigation so that the IPR proceedings can simplify the issues and conserve resources. *See Evolutionary Intelligence,* 2014 WL 819277, at *5 (staying case where all three factors supported a stay); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, 13-02980, 2014 WL 1647399, at **2-3 (N.D. Cal. Mar. 14, 2014) (same); *Software Rights Archive,* 2013 WL 5225522, at *6 (granting stay where two factors supported a stay and one factor was "neutral"). Here, all three factors support the granting of a stay by this Court.

I.   **The Early Procedural Stage of This Litigation Favors a Stay.**

This case is in its earliest stages. The case had been stayed until just weeks ago—no meaningful discovery has taken place regarding j2's infringement claims, and no trial date has been set. Courts have granted stays where the parties were much deeper into the merits of the case than this litigation. *See Software Rights Archive,* 2013 WL 5225522, at *3 (granting stay even where the parties "spent significant time and resources on discovery," because "discovery [was] not near completion, only one witness [had] been deposed, claim construction briefing [had] not commenced, deadlines for dispositive motions [were] still months out, and the court

[had] not set a trial date"); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, 12-21 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (granting stay even where discovery had commenced and a trial date had been set because "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court"). Here, this case has not meaningfully progressed beyond the pleading stage, and the case should be stayed.

**II.     A Stay Would Simplify the Issues and May Eliminate the Need for Further Litigation.**

Regarding the second factor, a stay of IPR proceedings likely would simplify the issues in this case, and may even eliminate the need for further litigation. If the PTO finds that the '980 patent is invalid, then this case must be dismissed. Before the Court and the parties incur further costs and invest resources in claim construction, the PTO should be allowed to complete its review, which will narrow the issues in these actions and possibly eliminate them altogether.

The purpose of the IPR procedure is "to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F.Supp. 2d 784, 787 (D. Colo. 2007) (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Here, unless IGC's petition is rejected in its entirety, this proceeding will be simplified.

IPR proceedings have a high success rate. In *Evolutionary Intelligence*, the court cited IPR proceedings statistics showing that: (1) the PTO has granted 81% of IPR petitions (and another 10% settled before the PTO decided on the petition); and (2) in the context of the previous *inter partes* reexamination proceeding, 42% of *inter partes* reexaminations from 1999 through September 13, 2013, resulted in all claims being cancelled or disclaimed. *Evolutionary Intelligence,* 2014 WL 819277, at *3 (citing statistics and underlying sources). As the court in *Evolutionary Intelligence* stated, "[t]hese figures indicate that there is a high likelihood that [the

IPR petition] will simplify the issues for trial." *Id*. And, given the fact that there is a higher standard to initiate IPR proceedings than existed under the prior reexamination process, there is "at least some likelihood that certain challenged claims will be struck down or amended if the PTO grants the petitions." *Id*. at *4. Given the high success rate, it is likely that the case will be simplified if a short stay is entered.

Also, statutory estoppel will prevent IGC "from relitigating the same validity issues before the PTO and the court." *Id*. (citing 35 U.S.C. § 315(e)(2)). On the other hand, if a stay were not granted, the parties would be expending significant resources litigating the patent infringement claim and conducting discovery, and the Court would expend time and resources dealing with these issues. These resources would be wasted if the PTO invalidates the '980 Patent. All of these facts weigh in favor of a stay, which would simplify and possibly eliminate the issues in this case.

### III. A Stay Would Not Cause Undue Prejudice to j2

As to the last factor, granting a stay would not cause undue prejudice to j2. The mere delay of the IPR proceedings, in and of themselves, are not a basis for establishing undue prejudice. "Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice." *Software Rights Archive,* 2013 WL 5225522, at *5 (emphasis in original); *see also Riverbed Tech*., 2014 WL 1647399, at **2-3 ("The likely length of the reexamination does not generally, by itself, constitute undue prejudice.").

Furthermore, the short delay would not cause j2 any undue prejudice. The '980 Patent was issued over fourteen years ago, and j2 has not moved for a preliminary injunction. This fact weighs against a finding of undue prejudice. *Autoalert, Inc*., 2013 WL 8014977, at *3 ("Plaintiff's failure to file for a preliminary injunction in the seven months since it filed its Complaint further suggests that monetary damages will adequately compensate Plaintiff should Defendants be found liable for patent infringement."); *Inogen, Inc*. *v*. *Inova Labs, Inc.,* 11-1692, 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012) (issuing a stay and noting that the plaintiff

1  "has yet to request a preliminary injunction, suggesting that monetary damages will adequately compensate [plaintiff] should [defendant] be found liable for patent infringement").[1]

While it is true that j2 and IGC are competitors, this factor is not dispositive in determining whether a stay should be granted. *See Riverbed Tech.*, 2014 WL 1647399, at *2 (granting stay where the parties were direct competitors but the "length of the time that [plaintiff] waited to initiate this lawsuit against [defendant]…undermine[d] any claim of prejudice by delay"); *Autoalert, Inc.*, 2013 WL 8014977, at *3 ("Plaintiff waited to file its Complaint for at least two years after acquiring its patents, and it appears, at least two years after [defendant] acquired DealActivator and began selling it."). Here, the patent in suit is an old MCI patent with dubious claims that j2 purchased twelve years after it issued. Also, IGC is a small business with four principals, and j2 is a publicly traded corporation. IGC's alleged infringement of the '980 Patent, even if proven, poses no competitive harm to j2. Given that j2 has not sought injunctive relief, this factor still weights in favor of granting a stay.

For these reasons, j2 cannot show that it would be unduly prejudiced by the granting of a stay of this case in favor of the outcome of the IPR proceedings regarding the '980 patent.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

---

[1] Given the fourteen-year delay before the patent was asserted against IGC, laches would likely bar any claims for past damages, or injunctive relief if it had been sought.

## CONCLUSION

This Court should grant a stay in favor of the outcome of the IPR proceedings, given the early procedure of this case, the likelihood that a stay will simplify the case issues, and the fact that no undue prejudice would be caused through the granting of a stay.

WHEREFORE, IGC respectfully requests that the Court enter an order substantially in the form as attached hereby as Exhibit A, granting the Motion to stay this case pending the resolution of IPR proceedings before the PTO, and for any other relief that it deems proper.

DATED: June 25, 2014

Todd J. Dressel
James M. Heiser
CHAPMAN AND CUTLER LLP

/s/ *Todd J. Dressel*
Todd J. Dressel
*Attorneys for Integrated Global Concepts, Inc.*

**EXHIBIT A**

Todd J. Dressel (SBN 220812)
CHAPMAN AND CUTLER LLP
595 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:  (415) 278-9088
Facsimile:   (415) 541-0506
dressel@chapman.com

James Heiser (*Admitted Pro Hac Vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL  60603
Telephone:  (312) 845-3000
Facsimile:  (312) 516-1900
heiser@chapman.com

Robert Schneider (*Admitted Pro Hac Vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
rschneider@taftlaw.com

*Attorneys for Integrated Global Concepts, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC.,<br>    Plaintiff<br>  v.<br>J2 GLOBAL, INC. F/K/A JFAX.COM and ADVANCED MESSAGING TECHNOLOGIES, INC.<br>    Defendants. | Case No. 4:13 cv 02971-RMW<br><br>ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW |

The Court having reviewed the Motion to Stay Pending *Inter Partes* Review (the "*Motion*") filed by Defendant Integrated Global Concepts, Inc, and all related pleadings and documents on file and good cause appearing therefore;

1  IT IS HEREBY ORDERED that the Motion is GRANTED.

2  IT IS FURTHER ORDERED that all proceedings in this matter are stayed pending
3  further order of the Court.

5  Dated: _____, 2014           _____
6                                       The Honorable Ronald M. Whyte
7                                       United States District Judge